UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **JOSEPH VARS and IT'S MY LICENSE, INC.** | : | |
| **Plaintiffs** | : | |
| **V.** | : | **C.A. No. 04-52 T** |
| | : | |
| | : | **R.I. Superior Court #** |
| **LAURA CITRIN, in her capacity as Chief Financial Officer of the City of Newport, and CITY OF NEWPORT, BOARD OF LICENSE COMMISSIONERS, RICHARD C. SARDELLA, Individually, and in his capacity as Chairman, JAMES BACCARI, JEANNE MARIE NAPOLITANO, RICHARD O'NEIL, STEPHEN C. WALUK, KATHERINE LEONARD, JOHN J. TRIFERO, Individually, and in their respective capacities as members, RHODE ISLAND DEPARTMENT OF BUSINESS REGULATION, MARILYN SHANNON MCCONAGHY, Individually and in her capacity as Director, and JEFFREY GREER, Individually and in his capacity as Hearing Officer** | : | **NC 03-685** |
| **Defendants** | : | |

## AMENDED COMPLAINT

### JURISDICTIONAL STATEMENT

This action is brought pursuant to Title 42 U.S.C. § 1983, et seq., the Civil Rights Act, so called.

### COUNT I - CITY OF NEWPORT

1. JOSEPH VARS is a resident of the City of Jensen Beach, Florida.

3

2. Plaintiff IT'S MY LICENSE, INC. is a business corporation organized in the State of Rhode Island. Its agent for service is John Sheehan, Esquire and the address of the agent and the corporation's principal place of business in Rhode Island is 34 Bayside Avenue, Newport, Rhode Island. This Plaintiff corporation is the successor to the former Boathouse Pub, Inc., a Rhode Island corporation, now defunct, and Amy & Joe's Restaurant, Inc., a Rhode Island corporation now also defunct. JOSEPH VARS is/was the principal stockholder, officer and director of each of these corporations.

3. Defendant LAURA CITRIN is the Chief Financial Officer of the City of Newport. The actions that form the basis of this complaint against the City of Newport and those individuals named herein were undertaken by the Newport City Council, sitting also as the Board of License Commissioners.

4. Defendant MARILYN SHANNON McCONAGHY is the current director of the Rhode Island Department of Business Regulations. The actions upon which this complaint against the Department of Business Regulation is based were undertaken by the Division of Alcoholic Beverages and the hearing officer, JEFFREY GREER..

5. From 1972 through 1998 the Boathouse Pub, Inc. was the holder of a certain Class B Alcoholic Beverage Retailer's Permit issued by the defendant, hereinafter referred to as the City of Newport. The Boathouse Pub Restaurant and Pub was located on lower Thames Street in the City of Newport on property owned by JOSEPH VARS and his wife, Amy.

6. In 1999 JOSEPH VARS entered in to lease agreement with Jake & Ella's Corporation for the restaurant and equipment. Consistent with that agreement, the parties entered into a purchase and sale agreement for the business and license. Pursuant

to that agreement Boathouse Pub, Inc. applied for the transfer of its license to Jake & Ella's Corporation, and that transfer was allowed by the City of Newport.

7. Jake & Ella's business began to fail in 2000, and it was unable to meet its obligations to Vars on the lease and to Boathouse Pub on the purchase-sale agreement. Vars commenced an eviction action against Jake & Ella's in April, 2000, but the parties settled the matter and Jake & Ella's continued in possession of the premises.

8. In August, 2000 Jake & Ella's was cited by the City of Newport. for an incident of after-hours drinking. A fine of $500. was ordered, and it was paid by Jake & Ella's.

9. On November 1, 2000 the Secretary of State revoked Jake & Ella's charter for failure to file its annual report for that year. Jake and Ella did not renew the charter, but continued to operate the business as a joint venture.

10. On December 1, 2000 a second incident of after-hours drinking by employees occurred with police arriving at the scene. An altercation took place between a police officer and one of the principals of Jake & Ellas, one John Peterson, resulting in a criminal charge of disorderly conduct against him. Upon information that case was ultimately filed for one year upon the entry of a plea of *nolo contendere*.

11. The business remained closed after December 1, 2000 and on January 10, 2001 the Board of License commissioners conducted a hearing on Jake & Ella's license. Neither of the principals of that corporation appeared , but Joseph Vars and Boathouse Pub, Inc. were represented by counsel, who addressed the Board at the hearing to advise that his client held a substantial security interest in the license.

12. Thereupon, the Board of License Commissioners voted to revoke Jake & Ella's Class B License. Said decision was made under color of state law. It was excessive, arbitrary and capricious and was made in either willful or wanton and reckless disregard of the consequences it would have on the Plaintiffs' business.

13. On appeal to the Department of Business Regulation, the decision to revoke the license was considered *de novo* and the hearing officer also decided to revoke Jake & Ella's license.

14. On appeal to the Superior Court the trial justice, after hearing and upon due consideration reversed the decision of the hearing officer and remanded for consideration of a penalty other than revocation. Implicit in that decision and Order is that the license is restored.

15. On remand, on October 27, 2002 the hearing officer imposed as $1000. fine and costs for the violation.

16. On January 10, 2003 the Newport City Council voted to reduce the total number of Class B. Alcoholic Beverage Retailer's Permits from 59 to 58, and thereby purports to have eliminated the license hereunder consideration.

17. There has been no additional action taken by the City of Newport Board of License Commissioners to revoke Jake and Ella's license a second time, ostensibly upon its failure timely to file for renewal.

18. As a direct and proximate result of the actions by the defendant City of Newport the plaintiffs were denied , and have continuously thereafter been denied due process and equal protection under the law, as well as the taking of their property by the government without just compensation as guaranteed by the Constitution of the United

States, Article 14, § 1, and that of the State of Rhode Island, Article 5, secs. 1& 16. Plaintiffs have suffered the loss of their business, real property and license, revenue therefrom and other moneys, and they have been otherwise injured and damnified in amounts certain to be proven at trial.

WHEREFORE, the Plaintiffs demand Judgment, jointly and severally, against the Defendant City of Newport, and the individuals named herein as members of the City Council and Board of License Commissioners in the amount of Five- Hundred Thousand ($500,000.) Dollars, punitive damages in the amount of Five-Hundred Thousand ($500,000.) Dollars, their costs and reasonable counsel fees, and respectfully pray for all such and other relief deemed meet and just by this Honorable Court.

Plaintiffs demand a trial by jury.

JOSEPH VARS, & IT'S MY LICENSE, INC.
By their Attorney,

Marty C. Marran Reg. No 2855
255 Main St. Ste 411
Pawtucket, RI 02860 (401 ) 729-4700

February 24, 2004

## COUNT II - DEPARTMENT OF BUSINESS REGULATION

19. The Plaintiffs reassert and re-allege those allegations contained in Paragraphs 1 through 18 of the Complaint each as if specifically set forth here.

20. The decision *de novo* by the defendant Department of Business Regulation and defendants McCONAGHY and GREER were made under color of state law. It was excessive, arbitrary and capricious and was made in either willful or wanton and reckless disregard of the consequences it would have on the Plaintiffs' business.

21. As a direct and proximate result of the actions by the defendant Department of Business Regulation the plaintiffs were denied , and have continuously thereafter been denied due process and equal protection under the law, as well as the taking of their property by the government without just compensation as guaranteed by the Constitution of the United States, Article 14, § 1, and that of the State of Rhode Island, Article 5, secs. 1& 16. Plaintiffs have suffered the loss of their business, real property and license, revenue therefrom and other moneys, and they have been otherwise injured and damnified in amounts certain to be proven at trial.

WHEREFORE, the Plaintiffs demand Judgment against the Defendants Department of Business Regulation, MARILYN SHANNON MCCONAGHY and JEFFREY GREER in the amount of Five- Hundred Thousand ($500,000.) Dollars, punitive damages in the amount of Five-Hundred Thousand ($500,000.) Dollars, their costs and reasonable counsel fees, and respectfully pray for all such and other relief deemed meet and just by this Honorable Court.

Plaintiffs demand a trial by jury.

JOSEPH VARS, & IT'S MY LICENSE, INC.
By their Attorney,

Marty C. Marran Reg. No 2855
255 Main St. Ste 411
Pawtucket, RI 02860
(401 ) 729-4700

February 24, 2004

## CERTIFICATION

I hereby certify that on February 24, 2004 I did forward a true and correct copy of the above Amended Complaint to the following Attorneys by regular U.S. Mail, First Class, Postage prepaid:

Marc DeSisto, Esquire
DESISTO LAW
P.O. Box 2563
Providence, RI 02906-2563

Joseph J. Nicholson, Esquire
City of Newport
43 Broadway
Newport, RI 02840

Michael Jovin, Esquire
Office of the Attorney-General
150 South Main St.
Providence, RI 02903