**UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF RHODE ISLAND**

FILED JUN 22 2004 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **JOSEPH VARS and IT'S MY LICENSE, INC.** | : | |
| **Plaintiffs** | : | |
| **V.** | : | **C.A. No. 04-52 T** |
| | : | |
| | : | **R.I. Superior Court # NC 03-685** |
| **LAURA CITRIN, in her capacity as Chief** | : | |
| **Financial Officer of the City of Newport, and** | : | |
| **CITY OF NEWPORT, BOARD** | : | |
| **OF LICENSE COMMISSIONERS,** | : | **PETITIONER'S MOTION TO** |
| **RICHARD C. SARDELLA, Individually,** | : | **JOIN/SUBSTITUTE** |
| **and in his capacity as Chairman, ET ALS.** | : | **PARTIES-PLAINTIFF** |
| **Defendants** | : | |

Come now the Petitioners and respectfully pray that AMY VARS and MICHAEL VARS be joined as parties-plaintiff. This motion is supported by accompanying Memorandum.

Respectfully submitted this 21st day of June, 2004

JOSEPH VARS, ET ALS
By their Attorney.

GRANTED
Ernest C. Torres
Ernest C. Torres
Chief, US District Judge
7/13/04

Marty C. Marran
Marty C. Marran Reg. No. 2855
349 Eddy Street
Providence, RI 02903
(401) 831-3150

**CERTIFICATION**

I hereby certify that on June 21, 2004 I did forward a true and correct copy of the above Motion to the Marc DeSisto Esquire, DeSisto Law Offices P.O. Box 2563, Providence, RI 02906-2563 by regular U.S. Mail, First Class, Postage prepaid:

Marty C. Marran

12

**UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JOSEPH VARS and IT'S MY LICENSE, INC.**<br>**Plaintiffs**<br>**V.** | : | **C.A. No. 04-52 T** |
| | : | **R.I. Superior Court #**<br>**NC 03-685** |
| **LAURA CITRIN, in her capacity as Chief Financial Officer of the City of Newport, and CITY OF NEWPORT, BOARD OF LICENSE COMMISSIONERS, MEMORANDUM RICHARD C. SARDELLA, Individually,and in his capacity as Chairman, ET ALS.**<br>**Defendants** | : | **PETITIONER'S MEMORANDUM ON MOTION TO JOIN PARTIES-PLAINTIFF** |

Now come the Petitioners pursuant to Rule 19 of the Federal Rules of Civil Procedure and respectfully submit as follows:

The Amended Complaint recites, at Paragraph 2:

"2. Plaintiff, IT'S MY LICENSE, INC. is a business corporation organized in the State of Rhode Island. Its agent for service is John Sheehan, Esquire and the address of the agent and the corporation's principal place of business in Rhode Island is 34 Bayside Avenue, Newport, Rhode Island. This Plaintiff corporation is the successor to the former Boathouse Pub, Inc., a Rhode Island corporation, now defunct, and Amy & Joe's Restaurant, Inc., a Rhode Island corporation now also defunct. JOSEPH VARS is/was the principal stockholder, officer and director of each of these corporations."

There is an error of fact in this recitation. The former "Boathouse Pub, Inc." actually listed with the Secretary of State as "Boathouse Restaurant and Pub, Inc." had as its officers, director's and stockholders, not the petitioner, but the petitioner's wife AMY VARS and their son, MICHAEL VARS. While the Petitioner JOSEPH VARS claims standing in this matter of his own right, the inclusion of the corporation "IT'S MY LICENSE, INC." as successor to "Boathouse Pub" was meant, in the context of this

action, to assert the rights, not of a defunct corporation, but of it's stockholders, AMY VARS and MICHAEL VARS.

Plaintiff originally brought this action in the Rhode Island Superior Court. There he had also brought a petition for Declaratory Judgment on the matter of the Class B Alcoholic Beverage Permit to which reference is made in the present case. His concern was with the petitioner's standing to sue, given that an out-of-state residents such as the Vars must incorporate here in Rhode Island in order to hold a liquor license. Unfortunately, this concern drifted over into the civil rights claim, and it was wholly unnecessary. Corporations do not have "civil rights" - but these individual stockholders do, and it is their rights that are being asserted in the Amended Complaint.

FRCP Rule 19 provides as follows:

**(a) Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

**(b) Determination by Court Whenever Joinder not Feasible.** If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment

rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

**(c) Pleading Reasons for Nonjoinder.** A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as prescribed in subdivision (a)(1)-(2) hereof who are not joined, and the reasons why they are not joined.

WHEREFORE, your Petitioner, JOSEPH VARS, prays for leave to join/substitute AMY VARS and MICHAEL VARS as parties for the corporate petitioner "IT'S MY LICENSE, INC," and that he be granted all such and other relief deemed meet and just by this Honorable Court.

Respectfully submitted this 21st day of June, 2004

JOSEPH VARS, ET ALS
By their Attorney.

Marty C. Marran Reg. No. 2855
349 Eddy Street
Providence, RI 02903
(401) 831-3150

**CERTIFICATION**

I hereby certify that on June 21, 2004 I did forward a true and correct copy of the above Motion to the Marc DeSisto Esquire, DeSisto Law Offices P.O. Box 2563, Providence, RI 02906-2563 by regular U.S. Mail, First Class, Postage prepaid: