UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSEPH VARS and
IT'S MY LICENSE, INC.,
*Plaintiffs,*

vs.

LAURA CITRIN {sic}, et al.,
*Defendants.*

C.A. No. 04-052 T

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Now comes defendants, Laura Sitrin, in her capacity as Finance Director of the City of Newport, City of Newport Board of License Commissioners, Richard C. Sardella, Individually and in his capacity as Chairman, James Baccari, Jeanne Marie Napolitano, Richard O'Neil, Stephen C. Waluk, Katherine Leonard, John J. Trifero, individually and in their respective capacities as Board Members, and hereby move this Court for an Order granting summary judgment in their favor. As grounds, these Defendants rely on their Memorandum in Support of their Motion for Summary Judgment, attached hereto and hereof made a part.

Defendants,

Laura Sitrin, in her capacity as
Finance Director of the City of Newport, City of
Newport Board of License Commissioners,
Richard C. Sardella, Individually and in his
capacity as Chairman, James Baccari, Jeanne
Marie Napolitano, Richard O'Neil, Stephen C.
Waluk, Katherine Leonard, John J. Trifero,
individually and in their respective capacities as
Board Members,

C.A. No. 04-052 T

By their Attorneys,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

And,

Joseph J. Nicholson, Jr., Esq.
Newport City Solicitor
Newport City Hall
43 Broadway
Newport, RI 02840
Phone: (401) 846-9600
Fax: (401) 847-1074

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within Motion was mailed, postage prepaid, on this 13th the day of July 2005, to:

Marty C. Marran, Esq. (#2855)
c/o RI Disability Center
339 Eddy Street
Providence, RI 02903
(401) 729-4700

Marty C. Marran, Esq. (#2855)
7 Tanglewood Court, Apt. 10
West Warwick, RI 02893

FILED
13 P 1 0

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSEPH VARS and
IT'S MY LICENSE, INC.,
*Plaintiffs,*

vs. C.A. No. 04-052 T

LAURA CITRIN {sic}, et al.,
*Defendants.*

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

Joseph J. Nicholson, Jr., Esq.
Newport City Solicitor
Newport City Hall
43 Broadway
Newport, RI 02840
Phone: (401) 846-9600
Fax: (401) 847-1074

## TABLE OF CONTENTS

I. DESCRIPTION OF MOTION ........ 1

II. FACTS ........ 1

III. ISSUES ........ 3

IV. POINTS AND AUTHORITIES ........ 3

A. Standard of Review ........ 3

B. The City Defendants are Entitled to Summary Judgment on Plaintiffs' Constitutional Claim Arising from the Disciplinary Hearing ........ 4

1. *The Undisputed Facts Fail to Support a Finding That Plaintiffs' Substantive Due Process Rights were Violated.* ........ 4

2. *The Commissioners Are Entitled To Quasi-Judicial Immunity* ........ 8

C. The Enactment Of The Ordinance Reducing The Number Of Liquor Licenses Does Not Amount To A Taking Of Plaintiffs' Property ........ 11

D. Municipal Liability Under § 1983. ........ 12

E. Conclusion ........ 13

## I. Description of Motion

Plaintiffs, who formerly held a liquor license with the City of Newport, have brought an action against the City of Newport, Newport's Board of License Commissioners and the individual Commissioners (hereinafter "City defendants") challenging the propriety of the disciplinary action taken against the liquor license held by a third-party, Jake & Ella's Corp. Relying on their contract with Jake & Ella's Corp. which gave plaintiffs a secured interest in the liquor license, plaintiffs allege that their right to substantive due process was violated by the disciplinary action taken against Jake & Ella's Corp. Plaintiffs also claim that the City took plaintiffs' property without just compensation by retiring the liquor license when the license was not timely renewed.

The City defendants hereby move for the entry of summary judgment on all counts. In support thereof, the City defendants submit that the undisputed facts, as outlined in the attached Rule 12.1 Agreed Statement of Undisputed facts, fail to support plaintiffs' constitutional claims against these defendants as a matter of law.

## II. Facts

The parties have prepared an Agreed Statement of Facts which defendants hereby incorporate. As a summary of these facts, it is undisputed that plaintiffs had previously held a liquor license with the City of Newport that they subsequently transferred, with City approval, to Jake & Ella's Corp. In 2000, Jake & Ella's violated the terms of the liquor license on at least two (2) occasions prompting the City of Newport's Board of License Commissioners to sanction them. On the second occasion, in December 2000, the Board decided to revoke Jake & Ella's liquor license.

Jake & Ella's took an appeal from this revocation decision to the Department of Business Regulation (DBR). After a de novo hearing, DBR's hearing commissioner affirmed the revocation. On appeal in accordance with *R.I.G.L. § 42-35-15,* the Providence County Superior Court vacated the sanction imposed by DBR and remanded the matter to DBR for further determination of an appropriate sanction. After hearing and briefing, DBR rendered a decision on October 24, 2002, fining Jake & Ella's $1,000 and costs, and suspending the license retroactively for six (6) months.

Jake & Ella's Corp. failed to file an application to renew their liquor licenses by November 15, 2002. Although plaintiffs' attorney sought an application to renew the license at the end of December, 2002, this application was never filed with the City. Rather, on January 8, 2003, in light of the lack of renewal, the City Council enacted an ordinance reducing the number of liquor licenses in the City from fifty-nine (59) to fifty-eight (58). The day before the January 8, 2003, Council meeting, plaintiffs' counsel forward a letter to the City Clerk asking the Council to consider plaintiffs' time frame for seeking renewal of Jake & Ella's Corp. liquor license. This letter was not read into the record on the night of the hearing. It is unclear whether the individual council members reviewed the correspondence before the January 8, 2003, meeting.

Plaintiffs thereafter filed the instant suit against the City defendants[1] claiming due process, equal protection and takings claims based on both the original decision to sanction Jake & Ella's Corp. by revoking the license and the subsequent enactment of the Ordinance reducing the number of liquor licenses.

---

[1] Plaintiffs had also originally brought constitutional claims against the Department of Business Regulation and the DBR hearing officer, Shannon McConaghy. Upon Motion, the claims against DBR were dismissed based in part upon quasi-judicial immunity.

## III. ISSUES

A. Is plaintiffs' security interest in a liquor license constitutionally protected under the Substantive Due Process clause?

B. Does the Superior Court's holding that the Department of Business Regulation's revocation of Jake & Ella's Corp.'s license was arbitrary and capricious amount to a finding that these plaintiffs' substantive due process rights have been violated?

C. Are the Commissioners on the City of Newport Board of Licenses entitled to quasi-judicial immunity?

D. Did the retirement of the un-issued license amount to a taking of plaintiffs' purported property interest?

## IV. POINTS AND AUTHORITIES

### A. Standard of Review

Under the Federal Rules of Civil Procedure, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed.R.Civ.P. 56(c).* It is axiomatic that this Court must view the evidence in the light most favorable to the nonmoving party. *Morrissey v. Boston Five Cents Savings Bank, F.S.B., 54 F.3d 27, 31 (1st Cir. 1995).* However, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleadings, but . . . must set forth the specific facts showing that there is a genuine issue for trial." *Fed.R.Civ.P. 56(e).* The mandates of Rule 56(c) requires entry of summary judgment "upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to

that party's case, and on which the party will bear the burden of proof at trial." Celotex Corp. v. Catrett, *477 U.S. 317, 322 (1986).*

**B. The City Defendants are Entitled to Summary Judgment on Plaintiffs' Constitutional Claim Arising from the Disciplinary Hearing**

***1. The Undisputed Facts Fail to Support a Finding That Plaintiffs' Substantive Due Process Rights were Violated.***

Defendants first submit that they are entitled to summary judgment on plaintiffs' substantive due process claim arising from the disciplinary action taken against Jake & Ella's Corp.'s license. Summary judgment is appropriate on this count in the first instance because plaintiffs fail to identify a property interest protected by the Substantive Due Process clause. In addition, even if plaintiffs' security interest were protected, the defendants' actions simply do not amount to a violation of plaintiffs' substantive due process rights.

In analyzing whether governmental action infringes upon a party's substantive due process right, the Court must first determine whether a constitutional protected right is at issue. Of course, not all property interests are afforded substantive due process protections. *Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972).* As explained by Justice Powell, "substantive due process rights are created only by the Constitution." *Regents of Univ. of Michigan v. Ewing, 474 U.S. 214, 229 (1985) (Powell, J. concurring).* Thus, deprivations of "identifiable liberty or property interests" actionable under the substantive modality of the due process clause "generally have something to do with 'matters relating to marriage, family, procreation, and the right to bodily integrity' rather than property or employment issues." *Ramirez v. Arlequin, 2005 U.S. Dist. LEXIS 3380, 30-31 (D.P.R., 2005). See also Harrington v. Almy, 977 F.2d 37, 43 (1st Cir., 1992) ( "substantive due process analysis [has] focused on state action undertaking unwanted manipulations of an individual's body").*

In the instant case, plaintiffs claim a constitutionally protected property interest in their security interest in the liquor license. Assuming for purposes of this motion that a security interest amounts to a "property"[2], such a secured interest is not protected by the Substantive Due Process clause. Quite simply, a secured interest in a liquor license is not a "matter[] relating to marriage, family, procreation, and the right to bodily integrity." Ramirez, *2005 U.S. Dist. LEXIS at 30-31,* nor otherwise protected by the U.S. Constitution. Consequently, plaintiffs' claim under the substantive due process clause must fail in the first instance because plaintiffs do not have a constitutionally protected substantive due process interest in the security interest.

In any event, even if the Court were to assume that such a secured interest is protected under the Substantive Due Process clause, the undisputed facts fail to support the conclusion that the City's actions were such to amount to a constitutional deprivation. To support this claim plaintiffs rely upon the Superior Court decision which reversed DBR's decision and remanded the matter for re-consideration of an appropriate sanction. Jake and Ella's, Inc. v. Department of Business Regulation, *2002 R.I. Super. LEXIS 56 (C.A. No. 01-461, 2002) (Procaccini, J.) (Exhibit 7 to Agreed Statement of Facts) (hereinafter "Jake & Ella's").* Plaintiffs apparently take the position that because the R.I. Superior Court has ruled that the sanction imposed by DBR was "arbitrary and capricious" under Rhode Island's Administrative Procedures Act, this Court is bound to conclude that such a ruling transforms defendants' actions into a constitutional deprivation. Defendants submit that this determination by the Superior Court does not mandate a

[2] Plaintiffs in fact had attempted to intercede in the administrative appeal in R.I. Superior Court challenging the disciplinary action against Jake & Ella's Corp. Plaintiffs specifically argued that DBR should have taken plaintiffs' security interest into consideration when determining the appropriate sanction. However, the Superior Court found that even given their security interest, plaintiffs had lost whatever rights it had once held in the license and thus assumed the risk that the license would be suspended or revoked. Jake and Ella's, Inc., *2002 R.I. Super. LEXIS 56, at 3*. The Superior Court further noted that the license at issue did not equate with real property in the traditional sense because it is subject to various conditions and impediments. Id.

finding of a constitutional deprivation. Rather, the standard applied in administrative procedures appeals is different and less stringent that the "truly horrendous situations" protected by the substantive due process clause. Nestor Colon Medina & Sucesores, Inc. v. Custodio, *964 F.2d 32, 45 (1st Cir. 1992).*

The arbitrary and capricious standard employed by the Superior Court in reversing the sanction was the appellate review standard employed in administrative appeals. *Jake and Ella's, Inc., 2002 R.I. Super. LEXIS 56, at 4-5.* This deferential standard requires the appellate court to determine if the administrator's decision is "rational" and "reasonable with no abuse of discretion." *Id.* If the Superior Court decides that the decision is not rational or is unreasonable, in abuse of the administrative agency's authority, then, under the APA, the Superior Court will deem the decision to be "arbitrary and capricious" and reverse the administrative action. *Id.*

The standard applied to determine whether a governmental action amounts to a deprivation of substantive due process rights, however, is much more stringent. As noted by the First Circuit, "[i]n the substantive due process context, the requisite arbitrariness and caprice must be stunning, evidencing more than humdrum legal error." *Amsden v. Moran, 904 F.2d 748, 754 (1st Cir. 1990).* "Where a license or permit denial [or revocation] is involved, the class of cases which meets the constitutional threshold is narrowly limited." *Collins v. Nuzzo, 244 F.3d 246, 250 & 251 (1st Cir. 2001).* In fact, such a violation has been found to occur only in a "truly horrendous situation." *Nestor Colon Medina, 964 F.2d at 45.* The standard is "unforgiving" and "guards against 'insinuating the oversight and discretion of federal judges into areas traditionally reserved for state and local tribunals." *Id.* Consequently, plaintiffs' reliance upon the finding of the Superior Court with regard to the APA appeal is misplaced because the standard for

reversing an administrative action under the APA is different from the stringent requirements of the Due Process clause.[3]

Defendants further submit that plaintiffs have failed to demonstrate that the defendants' actions amounted to such a "truly horrendous" situation that requires redress under the U.S. Constitution. As noted, courts have consistently held that substantive due process claims are limited to extreme cases and "the threshold for establishing the requisite 'abuse of government power' is a high one indeed." *Licari 22 F.3d at 350 citing Nestor Colon-Medina, 964 F.2d at 45.* "A viable substantive due process claim requires proof that the state action was in and of itself egregiously unacceptable, outrageous, or conscience-shocking". *Id. at 347 (internal quotation marks and citation omitted); Cruz-Erazo, 212 F.3d at 622.* Substantive due process protection is not triggered by merely unsound or erroneous government decisions. *Rivera v. Fagundo, 310 F. Supp. 2d 428, 435 (D.P.R. 2004).* Rather, "[i]ts use is limited to those specific instances involving egregious abuse of governmental power which the courts find shocking." *Id. citing Collins v. City of Harker Heights, 503 U.S. 115 (1992).*[4]

In the instant case it is undisputed that the City had ample grounds to take a disciplinary action against Jake & Ella's for the violation of the licensing conditions. In addition to two (2) incidents within four (4) months of each other permitting drinking on the premises after hours, during one of these incidents one of the officers and stockholders of Jake & Ella's attempted to strike a police officer. This individual was subsequently charged with disorderly conduct and

---

[3] There are two additional problems with plaintiffs' reliance on the Superior Court decision. First, the Superior Court specifically found that DBR, not the City, acted arbitrarily and capriciously. Second, the Superior Court merely decided that the *sanction* imposed was arbitrary and capricious while affirming the conclusion that a sanction was warranted.

[4] The First Circuit has actually rejected substantive due process claims premised on malicious official action as well as local licensing authority's outright violation of state law. *Amsden, 904 F.2d at 757; Roy v. City of Augusta, 712 F.2d 1517, 1523 (1st Cir. 1983); Creative Environments, Inc. v. Estabrook, 680 F.2d 822 (1st Cir. 1981). See also Collins, 244 F.3d at 246.*

pled *nolo contendere*. While the Superior Court found that the revocation was too harsh, it cannot be said in these circumstances that it was a "truly horrendous situation," egregiously unacceptable, outrageous or conscience shocking. Licari *22 F.3d at 350.* This is apparent for several reasons. First, the proximity of time between the two (2) flagrant license violations demonstrated the license holders' total disregard for the laws and conditions of the license. In addition, the after hours drinking violations was in the total control of the license holders. *Board of License Commissioners of the City of Newport, Minutes (January 10, 2001) at 11. (Exhibit 4 to Agreed Statement of Facts).* Moreover, the after-hours drinking was actually being done by an officer and stockholder of Jake & Ella's who made the added attempt to strike a police officer. *Agreed Statement of Facts, ¶ 12-14.* Finally, this revocation by the Board came with the recognition that Jake & Ella's was in fact out of business and, according to their attorney, had no intent to go back into business. Id. *at 6.* Under these circumstances, it cannot be said that the decision to impose the sanction of revoking the license of Jake & Ella's was so egregious or outrageous as to be violative of substantive due process guarantees. Rather, the review sought by plaintiffs fall squarely within the caution by the First Circuit that Federal Courts should not be insinuated into "the oversight and discretion of . . . areas traditionally reserved for state and local tribunals." Nestor Colon, *964 F.2d at 45.* Summary judgment on plaintiffs' substantive due process claim should accordingly enter in favor of defendants.

### *2. The Commissioners Are Entitled To Quasi-Judicial Immunity*

Defendants further submit that the Commissioners are nevertheless entitled to absolute immunity. More specifically, plaintiffs seek redress for the disciplinary decision for the violation of the liquor license conditions. Such a decision by the Commissioners clearly falls within their quasi-judiciary functions. As such, well-settled case law grants them immunity.

Of course, the concept of absolute immunity for judicial acts is well settled under both federal and Rhode Island law. *Butz v. Economou, 438 U.S. 478, 508-509 (1977). The Estate of Paul K. Sherman v. Almeida, 747 A.2d 470, 474-475 (R.I. 2000).* In addition, agency officials who perform certain "quasi-judicial" functions, irrespective of their title, essentially similar to those of judges or prosecutors, in a setting similar to that of a court is entitled to such protections. *Id. at 511-17 (federal administrative agency hearing officers are entitled to absolute immunity because their duties share enough of the characteristics of the judicial process).* As explained by the First Circuit in *Bettencourt v. Board of Registration in Medicine, 904 F.2d 772, 783 (1st Cir. 1990)*, a three-part test is generally applied to determine if particular administrative officials perform such quasi-judicial functions:

> First, does [the official], like a judge, perform a traditional "adjudicatory" function, in that he decides facts, applies law, and otherwise resolves disputes on the merits (free from direct political influence)? Second, does [the official], like a judge, decide cases sufficiently controversial that, in the absence of absolute immunity, he would be subject to numerous damages actions? Third, does [the official], like a judge, adjudicate disputes against a backdrop of multiple safeguards designed to protect a [party's] constitutional rights? *Id.*

In the instant case, the License Commissioners clearly fall within this framework. First, they held a hearing which included the testimony from the police officer who had initially caught the violation as well as charged the corporation President and stockholder with disorderly conduct. They also heard argument from Jake & Ella's Corp.'s attorney. The Commissioners then decided the appropriate sanction to impose against Jake & Ella's Corp for the violation. The decision they had to make was sufficiently controversial in that it was prosecuted by the City Solicitor and contested by not only the license holders but plaintiffs as well. Without immunity in such a situation, the Commissioners could become subject to numerous damages actions. Finally, there are multiple safeguards designed to protect a party's right. These safeguards begin

with the right to a *de novo* review by DBR, *R.I.G.L. § 3-7-21,* and include an ultimate appeal to the Superior Court through Rhode Island's Administrative Procedures Act ("APA"), *R.I.G.L. § 42-35-1 et seq.* The parties also have the further right to seek a Petition of Writ of Certiorari from the Supreme Court if they are not satisfied with the Superior Court decision. *R.I.G.L. § 42-35-16.*

Defendants thus submit that the role they perform in determining whether to cite a license holder is similar to judicial role that requires that they be afforded the ability to exercise independent judgment based on the evidence set forth and to be free from pressures by the parties. See *i.e.* Bettencourt, *904 F.2d at 784 (Board members on the Board of Registration in medicine entitled to absolute immunity);* Johnson v. R.I. Parole Board Members, *815 F.2d 5 (1st Cir. 1987)(absolute immunity of state parole board members).* In fact, several other circuits, including the Seventh Circuit, have specifically found that liquor control commissioners are entitled to such absolute immunity because it is "clear ... that the commissioner is acting in a judicial capacity when he revokes a liquor license," since he could not do so without finding, after notice and a hearing, that the licensee had violated the law. *Reed v. Village of Shorewood, 704 F.2d 943, 951 (7th Cir. 1983). See Brossette v. City of Baton Rouge, 837 F. Supp. 759, 763-64 (M.D.La. 1993) aff'd without opinion, 29 F.3d 623 (5th Cir.), cert. denied, 130 L. Ed. 2d 353, 115 S. Ct. 443 (1994); Hamm v. Yeatts, 479 F. Supp. 267, 270-71 (W.D.Va. 1979); Brown v. DeBruhl, 468 F. Supp. 513, 519 (D.S.C. 1979); D'Agostino v. New York State Liquor Auth., 913 F. Supp. 757, 768 (D.N.Y. 1996).* Defendants thus submit that the individual Commissioners are entitled to such absolute immunity for their quasi-judicial functions.

**C. The Enactment Of The Ordinance Reducing The Number Of Liquor Licenses Does Not Amount To A Taking Of Plaintiffs' Property.**

Plaintiffs also seek to maintain an unlawful taking claim based upon the City Council's enactment of the Ordinance reducing the number of available liquor licenses. Defendants submit that the undisputed facts fail to support the claim that the City took plaintiffs' property without just compensation in violation of the Fifth Amendment. The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." *U.S. Const. amend. V.* However, it is undisputed that "not every destruction or injury to property by governmental action is a 'taking' in the constitutional sense." *Armstrong v. U.S., 364 U.S. 40, 48 (1960).* In fact, the Fifth Amendment's takings clause "recognizes only vested property rights, and not the tenuous rights of licenses and permits, even though these at times may have value." *Acton v. U.S., 401 F.2d 896, 899 (9th Cir. 1968) cert. denied 395 U.S. 945 (1969). See also Page v. United States, 51 Fed. Cl. 328, 340 (Ct. Cl. 2001).* This is because the Supreme Court has made clear that protection under the Takings Clause does not extend to mere "'unilateral expectations,' even if they are entirely plausible expectations of economic benefit." *Nat'l Educ. Ass'n v. Retirement Bd. of the R.I. Employees' Retirement Sys., 172 F.3d 22, 29 (1st Cir. 1999).* This is so even though expectations are sometimes afforded procedural protection and protection from wholly arbitrary action. *Id. citations omitted.*

In the instant case, it is clear that plaintiff did not possess any property interest protected under the Takings Clause at the time the Ordinance was enacted. It is undisputed that although plaintiff held a secured interest in the liquor license previously held by Jake & Ella's Corp., that license had not been renewed in December 2002. *Statement of Undisputed Facts, ¶ 28.* By its very terms, the license plaintiff held the secured interest in was limited both in duration (one year) and scope. *Cf. El Marocco Club, Inc. v. Richardson, 746 A.2d 1228, 1234 (R.I. 2000).* As

noted by the Superior Court "when the transferor [plaintiffs] took this security interest, it assumed any risk that the license would subsequently be suspended or revoked." Jake and Ella's, Inc., *2002 R.I. Super. LEXIS 56, at 4-5.* In fact, the U.S. Supreme Court has likewise noted that "those who do business in [a] regulated field cannot object if the legislative scheme is buttressed by subsequent amendments to achieve the legislative end." Connolly v. Pension, Benefit Guar. Corp., *475 U.S. 211, 227 (1986).* Likewise, plaintiffs took this interest subject to the risk that the license holder would lose its rights to the liquor license either through an action by the Commissioners to revoke or through Jake & Ella's Corp. own malfeasance in failing to seek renewal.[5]

Thus, the most plaintiffs can claim in the instant case is a unilateral expectation that the license holders would take the necessary steps to maintain a viable license. Consequently, rather than the City Ordinance, it was the failure of Jake & Ella's to renew the liquor license that resulted in the destruction of plaintiff's security interest. At the time the City enacted the Ordinance reducing the number of licenses, plaintiffs essentially held no property interest because the license had expired. Accordingly, plaintiffs' taking claim must be denied because they fail to demonstrate a protected property interest under the Fifth Amendment that was destroyed by the enactment of the Ordinance. Summary judgment on plaintiffs' taking claim should accordingly enter.

**D. Municipal Liability Under § 1983.**

Finally, it is noteworthy that plaintiffs have brought their *§ 1983* claim both for substantive due process and takings claims directly against the City of Newport. In order to

[5] In this case, it is also noteworthy that Jake & Ella's Corp., who held the license, had their corporate charter revoked by the Secretary of State in November 2001, over a year prior to the renewal date. Statement of Undisputed Facts, *Exhibit 11.*

maintain such a claim against the municipality directly, plaintiffs may not rely upon the perceived constitutional violation by an individual officer or official. *Monell v. City of New York Department of Social Services*, *436 U.S. 658 (1978) (municipalities cannot be held liable under § 1983 on the theory of respondent superior).* In order to succeed on a claim against a municipality under *§ 1983*, the plaintiff must show that the actions complained of are officially sanctioned or ordered and are a policy by a final decision maker within the municipality. *City of St. Louis v. Praprotnik*, *485 U.S. 112 (1988).* Any discretion in the application of a policy nullifies municipal liability. *Pembaur v. City of Cincinnati* *475 U.S. 469,481 (1986).* The policy itself objectively and without any discretion would have to be unconstitutional in order for plaintiff to prevail on this theory. *Id.*

In the instant case, plaintiffs do not even allege in their Complaint that they have been damaged by a policy or practice by the City of Newport. In fact, the sole basis for their claim is that the Board of License Commissioners acted in an arbitrary and capricious manner when deciding the appropriate sanction against Jake & Ella's Corp. and that the City enacted an Ordinance reducing the number of licenses. Quite simply, there no basis for a claim that the plaintiffs' constitutional rights were violated as a result of an unlawful policy or practice of the City of Newport and thus plaintiffs' claim should accordingly be dismissed.

**E. Conclusion**

For the reasons stated herein, as well as those that may be raised at hearing, defendants respectfully request that summary judgment in favor of defendants enter.

Defendants,

Laura Sitrin, in her capacity as Finance Director of the City of Newport, City of Newport Board of License Commissioners, Richard C. Sardella, Individually and in his capacity as Chairman, James Baccari, Jeanne Marie Napolitano, Richard O'Neil, Stephen C. Waluk, Katherine Leonard, John J. Trifero, individually and in their respective capacities as Board Members,

By their Attorneys,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

And,

Joseph J. Nicholson, Jr., Esq.
Newport City Solicitor
Newport City Hall
43 Broadway
Newport, RI 02840
Phone: (401) 846-9600
Fax: (401) 847-1074

C.A. No. 04-052 T

## CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within Memorandum was mailed, postage prepaid, on this 13th the day of July 2005, to:

Marty C. Marran, Esq. (#2855)
c/o RI Disability Center
339 Eddy Street
Providence, RI 02903
(401) 729-4700

Marty C. Marran, Esq. (#2855)
7 Tanglewood Court, Apt. 10
West Warwick, RI 02893