**UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JOSEPH VARS and IT'S MY LICENSE, INC., ET ALS** | : | |
| **Plaintiffs** | : | |
| **V.** | : | **C.A. No. 04-52 T** |
| | : | **R.I. Superior Court # NC 03-685** |
| **LAURA CITRIN, in her capacity as Chief Financial Officer of the City of Newport, ET ALS.** | : | |

**SUPPLEMENT TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE**

Now come the plaintiffs and respectfully submit the following by way of supplement to the Memorandum filed on August 17, 2005.

The Motion To Vacate is brought pursuant to FRCP 60(b)(1) in that this counsel has cited excusable neglect, and not a willful decision on his part to ignore the Court Rules. Counsel cites that he was disabled for the months of June and July, 2005 upon a Diagnosis by Richard Millman, M.D. of severe sleep apnea. Also, upon his return to Work on August 1, 2005 counsel was under the impression that he would be allowed reasonable time in which to make response to the defendant's motion. This impression was gained upon the discussions had in pre-trial conference with the trial justice, and the parties' agreement to have the defendants file first, and that the plaintiff would respond with his defense and cross-motion for summary judgment. Plaintiffs only wanted to make a thorough presentation, and would have asked for more time had they thought it necessary under these circumstances. Yet, again, counsel is very sorry and will be more attentive to the Rules of Procedure and Local Rules should this case be allowed

to go forward.

"Excusable neglect" includes "situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Services Co. v. Brunswick Associates, Ltd. Partnership*, 507 U.S. 380, 394 113 S.Ct 1489, 1487, 123 L.Ed2d 74 (1993) *Pratt v. Philbroook*, 109 F 3rd, 18, 19. (1st Cir. 1997) *Conetta v. National Hair Care Centers, Inc.*, 182 FRD 403 (1998):

> The Supreme Court has noted that determining what kind of neglect will be considered "excusable" is at bottom an equitable [decision], taking account of all relevant circumstances surrounding the party's omission. These include...the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1498. The First Circuit supports "the philosophy that actions should ordinarily be resolved on their merits" and "the command of the civil rules themselves. *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989) Both the *Coon* Court and a recent Second Circuit decision have established three factors to consider, 1) where the defendant has a meritorious defense; 2) whether the opposing party would be prejudiced, and; 3) whether the default was willful. (Cites omitted)

*Conetta v. National Hair Care Centers, Inc.*, 182 FRD at 406

Plaintiffs have proceeded promptly – perhaps too promptly - in rushing forward with the motion and memorandum filed on August 17, 2005. Counsel was genuinely surprised by this turn of events to see the notice come over the fax machine. He offers this supplement to affirm that the basis for his motion to vacate is FRCP 60(b)(1) and asserting, again, his sincere regret over this mistake.

Plaintiffs request the opportunity to be heard if the Court finds that further explanation of this counsel's actions are in order.

Respectfully submitted this 18th day of August, 2005.

**Plaintiffs,**

**JOSEPH VARS, AMY VARS and MICHAEL VARS,**
**By their Attorney,**

**Marty C. Marran Reg. No 2855**
**R.I. Disability Law Center**
**349 Eddy Street**
**Providence, RI 02903**

**CERTIFICATION**

**I hereby certify that on August 18, 2005 I did forward a true and correct copy of the above to Desisto Law Offices, Marc DeSisto, Esquire P.O. Box 2563 Providence, RI 02906-2563 by fax and by regular US Mail, first class, postage prepaid.**