UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSEPH VARS and
IT'S MY LICENSE, INC.,
*Plaintiffs,*

vs.

LAURA CITRIN {sic}, et al.,
*Defendants.*

C.A. No. 04-052 T

DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Now comes defendants, Laura Sitrin, in her capacity as Finance Director of the City of Newport, City of Newport Board of License Commissioners, Richard C. Sardella, Individually and in his capacity as Chairman, James Baccari, Jeanne Marie Napolitano, Richard O'Neil, Stephen C. Waluk, Katherine Leonard, John J. Trifero, individually and in their respective capacities as Board Members, and hereby object to plaintiffs' Motion for Summary. In support thereof, Defendants rely on their previously filed Memorandum in Support of Defendants' Motion for Summary Judgment along with the attached Memorandum of Law.

Defendants,
By their Attorneys,

Marc Desisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 29th the day of September 2005, to:

Marty C. Marran, Esq. (#2855)
7 Tanglewood Court, Apt. 10
West Warwick, RI 02893

[signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSEPH VARS and
IT'S MY LICENSE, INC.,
*Plaintiffs,*

vs.

LAURA CITRIN {sic}, et al.,
*Defendants.*

C.A. No. 04-052 T

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

Joseph J. Nicholson, Jr., Esq.
Newport City Solicitor
Newport City Hall
43 Broadway
Newport, RI 02840
Phone: (401) 846-9600
Fax: (401) 847-1074

## *I. Introduction*

On or about July 11, 2005, Defendants, Laura Sitrin, in her capacity as Finance Director of the City of Newport, City of Newport Board of License Commissioners, Richard C. Sardella, Individually and in his capacity as Chairman, James Baccari, Jeanne Marie Napolitano, Richard O'Neil, Stephen C. Waluk, Katherine Leonard, John J. Trifero, individually and in their respective capacities as Board Members (hereinafter defendants or "City defendants"), filed a Motion for Summary Judgment along with an accompanying Memorandum of Law. On or about September 16, 2005, plaintiffs filed an Objection to defendants' Motion and simultaneously filed a Cross-Motion for Summary Judgment. Defendants have objected and hereby rely primarily upon their previously filed Memorandum of Law in opposition to Plaintiffs' Motion for Summary Judgment. Defendants hereby submit the instant Memorandum to address additional issues raised in plaintiffs' Motion for Summary Judgment.

## *II. Argument*

### A. *Quasi-Judicial Immunity is Absolute Immunity and thus not subject to subjective, qualified immunity analysis*

In opposition to the License Commissioners' claim of quasi-judicial immunity, plaintiffs present an argument that basically challenges a claim for qualified immunity by arguing that the Commissioners should have known that revoking the license infringed upon plaintiffs' constitutional rights. *Plaintiffs' Memorandum, at 10.* However, the Commissioners have invoked quasi-judicial immunity which provides absolute immunity for the License Commissioners acts.

As the Supreme Court has explained:

> Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot

be resolved without engaging in discovery and eventual trial.

> Rather, our cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (citations omitted).* In the instant case, as more fully outlined in *Defendants' Memorandum of Law in Support of their Motion for Summary Judgment*, the actions plaintiffs claim give rise to liability were part of the License Commissioners' judicial functions – the decision to discipline Jake & Ella's by revoking the liquor license. Plaintiffs do not contest that these actions were judicial acts, nor do plaintiffs claim that the License Commissioners lacked jurisdictional authority to impose such disciplinary measures against Jake & Ella's. Consequently, the License Commissioners are entitled to absolute immunity for their actions and summary judgment should be entered in their favor.

### *B. The Alleged Lack of "Remedy" under the State Liquor Licensing Statute does not amount to a Due Process Violation*

In support of their motion for summary judgment, plaintiffs allege that the City defendants have violated plaintiffs' procedural due process rights because Rhode Island's liquor licensing statute does not expressly provide a remedy for secured creditors. Defendants submit that plaintiffs have misconstrued the due process rights that may or may not be afforded to them under their claimed property interest.

Quite simply, the first step in a due process analysis is determining the extent of the property right invoked and, from that determining what due process rights should be afforded to protect those rights. As explained by the First Circuit, "[t]here is no mechanical formula by which the adequacy of state procedures can be determined. To the contrary, 'due process is flexible and calls for such procedural protections as the particular situation demands.'" *Amsden*

v. Moran, *904 F.2d 748, 753 (1st Cir. 1990) quoting* Morrissey v. Brewer, *408 U.S. 471, 481 (1972).* The First Circuit went on to note:

> Courts thus conduct their tamisage according to a sliding scale, balancing a number of factors, including the nature of the private and public interests involved; the risk of erroneous deprivation accruing under the procedures used by the state; and the probable benefit of demanding additional procedural safeguards.

Id. *(citations omitted).*

In the instant case, plaintiffs' claimed property interest is based solely on the security interest held in the licensing rights granted to Jake & Ella's. Plaintiffs thus can claim no greater property right than that held by Jake & Ella's. It likewise follows that the due process rights plaintiffs are entitled to (if at all) are limited to the licensing rights afforded to the license holders themselves.

This, in fact, was the conclusion reached by the District Court of Illinois in Standard Acceptance Co. v. Lewis Cab Co., *1996 U.S. Dist. LEXIS 11252 (D. Ill. 1996).* In that case, the plaintiff, similar to the instant plaintiff, possessed a security interest in a taxicab license held by defendant, Lewis Cab Company. The City subsequently held a hearing and revoked the taxicab license based on the fact that the vehicles were mechanically unfit and were not being operated with the proper medallion. Although Lewis Cab participated in the revocation hearings, Standard did not receive notice of the hearing or the ultimate decision to revoke the taxicab license. Id. *at *3.* It was only after defendant defaulted on the loan that the plaintiff discovered that the license had been revoked. Standard subsequently sued *inter alia* the City of Chicago under *§ 1983* for alleged due process deprivations. In granting summary judgment in favor of the City, the District Court found that "[t]he question of whether Standard's due process rights were violated turns on whether the revocation proceedings were valid as to Lewis Cab. Standard's property interest is an interest in Lewis Cab's property interest. If Lewis Cab's rights

were validly extinguished as far as Lewis was concerned, Standard has no right to complain." Id. *at 7*.

Likewise, in the instant case, plaintiffs' alleged property interest is an interest in Jake & Ella's property interest. If Jake & Ella's rights were protected, plaintiffs have no right to complain. Plaintiffs do not dispute that Jake & Ella's received more than adequate due process protections. As noted in *Defendants' Memorandum of Law in Support of their Motion for Summary Judgment*, in addition to the hearing before the Board of License Commissioners, DBR conducted *de novo* review of the decision, *R.I.G.L. § 3-7-21,* with an ultimate appeal to the Superior Court through Rhode Island's Administrative Procedures Act ("APA"), *R.I.G.L. § 42-35-1 et seq.* A Petition of Writ of Certiorari from the Supreme Court was also an available option if Jake & Ella's were not satisfied with the Superior Court decision. *R.I.G.L. § 42-35-16.* Clearly, these procedures offered more than adequate due process protections for both Jake & Ella's and plaintiffs' own security interest. *See i.e.* Amsden, *904 F.2d at 755 ("A reviewing court must therefore examine "the procedural safeguards built into the statutory or administrative procedure . . . effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law." The availability of judicial review is an especially salient consideration in situations where permits and licenses have been denied or revoked by state or local authorities in alleged derogation of procedural due process").*

Employing the sliding scale advocated by the First Circuit in Amsden likewise renders the same conclusion. Id. As noted, in determining whether the process afforded met constitutional requirements, the Court balances "the private and public interests involved; the risk of erroneous deprivation accruing under the procedures used by the state; and the probable benefit of demanding additional procedural safeguards." The public interest involved in the instant case

includes the strong interest in controlling the issuance of liquor licenses and ensuring that license holders comply with the laws. The municipality likewise has a strong interest it maintaining its ability to take corrective measures when necessary against those license holders who violate the law. These public interest far outweigh any private, monetary interest plaintiffs may claim by virtue of their security interest in the license. This is especially apparent in light of the fact that plaintiffs accepted a security interest with full knowledge of the restrictions that are placed on the license and the possibility that the license holder could act in such a way as to divest plaintiffs of any interest. Moreover, in light of the review procedures outlined in the statute, *see infra*, any risk of errouneous deprivation is minimal. Finally, these review procedures also negates any claim of a probable benefit of offering additional procedural safeguards.

Moreover, as the First Circuit has noted "the proof of the pudding is in the tasting." *Id.* That is, was the review procedure effective in the particular case? *Id.* In *Amsden*, the license was restored after the plaintiffs had exhausted the review/reconsideration procedure, thus prompting the First Circuit to hold that "[t]his outcome, unadorned, strongly indicates that the available review mechanisms were constitutionally adequate." *Id. citing Chongris, 811 F.2d at 43.* In this case, the process likewise proved to be effective. Although plaintiffs now claim that their security interests were not taken into consideration during the revocation hearing, the fact of the matter is the license was restored to Jake & Ella's after they exhausted their due process rights. The restoration of the license to Jake & Ella's likewise restored plaintiffs' security interest in the license. Quite simply, as in *Amsden*, the outcome, restoring the licensing rights to

Jake & Ella's, and by extension plaintiffs's claimed security interest, strongly indicates that the available review mechanisms were constitutionally adequate.[1] Id.

Consequently, plaintiffs' claim that the state law remedies were inadequate in that the State licensing statute does not outline a remedy for a secured creditor fails to demonstrate a constitutional deprivation.[2] Rather, that same statute identifies more than adequate due process protections that were not only exercised in the instant case but led to an effective protection of the claimed property right in the liquor license by the restoration of the license.

*C. The City did not violate plaintiffs' alleged due process rights nor unlawfully take plaintiffs' "property" by enacting an Ordinance reducing the number of available licenses*

Relying upon Beacon Restaurant v. Adamo, *103 R.I. 698, 704, 241 A.2d 291 (1968)*, plaintiffs argues that they possessed a viable property interest at the time the Newport City Council enacted the ordinance reducing the number of liquor licenses available in the City of Newport. Plaintiffs concludes that the enactment of the ordinance amounted to a taking of plaintiff's property as well as a deprivation fo plaintiffs' due process rights. Plaintiffs take this position despite the fact that the actual license holder, Jake & Ella's was no longer a valid corporation in that its corporate charter had lapsed over two (2) years prior to the enactment of the challenged Ordinance, *Agreed Statement of Facts,* ¶ *8,* and that an application to renew the

[1] Moreover, as made clear by the Agreed Statement of Facts, plaintiffs settled their dispute with Jake & Ell's in August, 2001 through the execution of a Mutual Release and Settlement Agreement and a "Pledge Agreement and Power of Attorney." *Agreed Statement of Undisputed Facts, at* ¶ *25.*

[2] Another fundamental flaw in plaintiffs' reasoning also becomes apparent upon recognition that plaintiffs did not have an absolute right to the retransfer of the liquor license. Although plaintiffs entered a contract with Jake & Ella's establishing the security interest in the license, *Agreed Statement of Undisputed Facts,* ¶ *4,* in order to effectuate the retransfer of the liquor license to plaintiffs, plaintiffs needed City approval in accordance with R.I.G.L. § 3-5-19.

license was not timely filed. *Id. at* ¶ *28.* Defendants submit that plaintiffs' reliance on *Beacon* is misplaced.

The Supreme Court in *Beacon* was actually addressing whether a claim by a proposed transferee of a liquor license, who was challenging a municipality's failure to act on a transfer application, became moot because the year in which the transferee sought the transfer had ended. The license that the transferee sought to have transferred, however, had been properly renewed by the license holder. In finding that the issue did not become moot by virtue of the fact that essentially a new license had been issued to the license holder the Supreme Court relied upon *Tedford v. Reynolds, 87 R.I. 335, 141 A.2d 264 (1958)* and the recognition that such a conclusion would render the review procedures offered by the statute a nullity.

In *Tedford*, the plaintiff, who was denied a liquor license, appealed the denial to the liquor control administrator. The administrator reversed the Council's denial of the license and directed the City to issue a license to the plaintiff. The City took an appeal to the Supreme Court and argued *inter alia* that the year in which plaintiff had applied for the license had expired and thus, the License Control Administrator had no authority to order the issuance of a license in the new year without a new application. *Tedford v. Reynolds, 87 R.I. 335, 340 (R.I. 1958).* As concluded by the Supreme Court "[t]o adopt the board's contention would be to effectively deprive the administrator of his power to review and would unjustly take away from an applicant for a license the right to have his application reviewed for errors of law or heard de novo in accordance with the express language of § 3-7-21." *Id.*

Both *Tedford* and *Beacon* therefore were concerned with ensuring that the statutory review procedures were given effect. Neither involved a circumstance wherein a license holder had simply failed to seek timely renewal of its license. Defendants submit that to adopt the

position posed by plaintiffs would essentially amount to a liquor license never expiring unless and until the license holder themselves decide to forfeit the same. This is in direct contradiction to both the clear language of the statute, see *R.I.G.L. § 3-5-8 ("Every license except retailer's Class F licenses and retailer's Class G licenses shall expire on December 1 after its issuance"),* as well as the well-settled principle that a liquor license is limited both in duration (one year) and scope. Cf. El Marocco Club, Inc. v. Richardson, *746 A.2d 1228, 1234 (R.I. 2000).*

It is also noteworthy that the Supreme Court in Beacon Restaurant, relied on *R.I.G.L. § 3-7-6*, which grants license holders a prima facie entitlement to renewal of the license only if the license holder files an application before October 1st. In this case, unlike the Beacon plaintiffs, plaintiffs cannot claim the benefit of *§ 3-7-6* because they did not meet the filing deadline. Accordingly, when the City enacted the Ordinance reducing the number of available liquor licenses, Jake & Ella's could not claim a right to the license because they failed to file a timely application for renewal. Just as the City was free to issue the license to any new applicant, the City was likewise free to decide not to issue the license at all.

Without analysis, plaintiffs also make a passing reference in their Memorandum to the claim that the enactment of the Ordinance amounts to a Procedural and Substantive Due Process violation. Defendants rely upon their previously filed Memorandum in support of their Motion for Summary Judgment in opposition to the claim that the enactment of the Ordinance infringed upon plaintiffs' procedural or substantive due process rights.

*III. Conclusion*

For the reasons stated herein, as well as those that may be raised at hearing, defendants respectfully request that summary judgment in favor of defendants enter.

Defendants,
By their Attorneys,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within Memorandum was mailed, postage prepaid, on this 29th the day of September 2005, to:

Marty C. Marran, Esq. (#2855)
7 Tanglewood Court, Apt. 10
West Warwick, RI 02893